IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SERGIO RITO MANDUJANO, on behalf of himself and all other Plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>SEAFOOD HEAVEN INC., an Illinois corporation, d/b/a FISHERMAN'S ISLAND, and MAHMOD ABUGHOUSH, an individual,<br><br>Defendants. | Case No. 17-cv-03294 |

## COLLECTIVE ACTION COMPLAINT

The Plaintiff, Sergio Rito Mandujano ("Plaintiff" or "Rito"), on behalf of himself and all other Plaintiffs similarly situated, known and unknown, and by and through his attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, hereby complains against Defendants, Seafood Heaven Inc. d/b/a Fisherman's Island ("Fisherman's Island") and Mahmod Abughoush ("Abughoush"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, *et seq.*

2. Defendants violated federal, state, and city overtime laws by failing to pay Plaintiff and other similarly situated hourly non-exempt employees an overtime premium when they worked more than 40 hours in individual workweeks.

3. Plaintiff's FLSA claim is brought as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party is attached as Exhibit A.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and city ordinance claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

6. Plaintiff Rito is a former employee of the Defendants. Plaintiff previously worked for Defendants from approximately February 2016 through March 2017.

7. Defendants employed Plaintiff as a line cook. Mr. Rito also performed other tasks, including taking phone orders on occasion and cleaning the restaurant.

8. Defendant Fisherman's Island is a restaurant engaged in selling and serving prepared food and beverages to customers for consumption on or off the premises.

9. Defendant Fisherman's Island is operated by Seafood Heaven Inc., an Illinois corporation, and is doing business at 432 E. 87th Street in Chicago, Illinois.

10. Defendant Fisherman's Island is licensed by the city of Chicago as a Retail Food Establishment.

11. The president, corporate secretary, and registered agent for Defendant Fisherman's Island are located within this judicial district.

12. Upon information and belief, Defendant Fisherman's Island earned more than $500,000 in annual gross revenue during 2014, 2015 and 2016.

13. During the last three years before the filing of this suit, two or more employees of Defendant Fisherman's Island have handled, sold, or otherwise worked on goods or materials, including, but not limited to, fresh seafood, other food and food products, and beverages, that were transported or produced out of state before arriving at Defendants' restaurant.

14. Upon information and belief, Defendant Abughoush is an owner of Defendant Fisherman's Island. Mr. Abughoush is the president for the operating entity, Seafood Heaven Inc.

15. Defendant Abughoush possessed ultimate control over the day-to-day operations of Fisherman's Island. Abughoush hired and fired employees, supervised and controlled work schedules and other conditions of employment, determined the rate and method of wage payment, and maintained employment records.

16. Upon information and belief, Defendant Abughoush resides in and is domiciled within this judicial district.

**COMMON ALLEGATIONS**

17. During the last three years before the filing of this suit, Plaintiff was directed to work, and did work, more than 40 hours in individual workweeks.

18. Based on his work schedule, Plaintiff regularly worked between fifty (50) and seventy (70) hours in individual workweeks.

19. Defendants paid Plaintiff on an hourly basis.

20. Defendants paid Plaintiff at the rate of $12.50 per hour.

21. Defendants did not compensate Plaintiff, at one and one-half times his regular hourly rate of pay for hours worked in excess of 40 in individual workweeks.

22. Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

22. In order to conceal their failure to pay overtime compensation, Defendants paid all of Plaintiff's wages in cash.

23. Defendants paid Plaintiff's overtime compensable hours in cash at his straight-time rate of pay.

24. In violation of the statutes and implementing regulations of the FLSA and IMWL, 29 CFR Part 516, 820 ILCS § 105/8, and 56 Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff and other non-exempt employees.

25. Upon information and belief, Defendants failed to post, and keep posted, FLSA and IMWL notices pursuant to 29 C.F.R. § 516.4 and 820 ILCS § 105/9.

**COLLECTIVE ACTION ALLEGATIONS**

26. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated non-exempt hourly employees, including cooks, food preparers, dishwashers, kitchen employees, and cashiers, that worked for Defendants during the last three years before the filing of this suit.

27. During the last three years before the filing of this suit, Plaintiff, and other similarly situated non-exempt hourly employees had substantially similar job descriptions, job requirements, and pay rates.

28. Plaintiff, and other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime

4

compensation to cooks, food preparers, dishwashers, kitchen employees, and cashiers and depriving the employees of their earned wages.

29. During the last three years before the filing of this suit, Defendants had a common policy and practice of paying cooks, food preparers, dishwashers, kitchen employees, and cashiers at their straight-time rates of pay for all hours worked.

30. Defendants failed to pay Plaintiff, and other similarly situated cooks, good preparers, dishwashers, kitchen employees, and cashiers at one-and-one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

31. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

32. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

33. There are numerous similarly situated current and former non-exempt hourly employees, including cooks, food preparers, dishwashers, kitchen employees, and cashiers, who worked for Defendants and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

34. The similarly situated current and former cooks, food preparers, dishwashers, kitchen employees, and cashiers are known to the Defendants and are identifiable in Defendants' payroll records.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

35. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

36. Throughout his employment with Defendants, Plaintiff was an "employee" under the FLSA, 29 U.S.C. § 203(e)(1).

37. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

38. During the course of Plaintiff's employment, Defendants employed other cooks, food preparers, dishwashers, kitchen employees, and cashiers who were similarly not exempt from the overtime wage provisions of the FLSA.

39. Throughout Plaintiff's employment, Defendants were each an "employer" of Plaintiff as defined in the FLSA, 29 U.S.C. § 203(d).

40. Defendant Fisherman's Island was an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

41. Under 29 U.S.C. § 207, for all weeks during which Plaintiff and other non-exempt cooks, food preparers, dishwashers, kitchen employees, and cashiers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

42. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

43. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. In an attempt to conceal their overtime violations, Defendants paid the wages of Plaintiff and other employees in cash. Upon information and belief, Defendants' cash wage payments were not reported to federal and state

tax and revenue departmental agencies. Additionally, Defendants violated the Act's recordkeeping regulations and posting requirements.

**WHEREFORE**, the Plaintiff, Sergio Rito Mandujano, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Seafood Heaven Inc. d/b/a Fisherman's Island and Mahmod Abughoush, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

44. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

45. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

46. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

47. During the course of Plaintiff's employment, Defendants employed other cooks, food preparers, dishwashers, kitchen employees, and cashiers who were similarly not exempt from the overtime wage provisions of the IMWL.

48. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

49. Under 820 ILCS § 105/4(a), for all weeks during which Plaintiff and other non-exempt cooks, food preparers, dishwashers, kitchen employees, and cashiers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Sergio Rito Mandujano, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Seafood Heaven Inc. d/b/a Fisherman's Island and Mahmod Abughoush, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Chicago Minimum Wage Ordinance – Overtime Wages**

51. Plaintiff hereby incorporates paragraphs 1 through 34 as though stated herein.

52. Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the overtime wage provisions of the CMWO, § 1-24-050.

53. During the course of Plaintiff's employment, Defendants employed other cooks and dishwashers who were similarly not exempt from the overtime wage provisions of the CMWO.

8

43. Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

44. Under § 1-24-040, for all weeks during which Plaintiff and other non-exempt cooks, food preparers, dishwashers, kitchen employees, and cashiers worked more than 40 hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over 40 in a workweek.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO, § 1-24-040.

**WHEREFORE**, the Plaintiff, Sergio Rito Mandujano, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Seafood Heaven Inc. d/b/a Fisherman's Island and Mahmod Abughoush, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime wages found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: May 2, 2017

Respectfully submitted,
Sergio Rito Mandujano, on behalf of himself
and all other Plaintiffs similarly situated,
known and unknown, Plaintiff

/s/ Nicholas P. Cholis
_____
One of Plaintiff's Attorneys

Timothy M. Nolan (No. 6194416)  
Nicholas P. Cholis (No. 6292556)  
NOLAN LAW OFFICE  
Attorneys for Plaintiff  
53 W. Jackson Blvd., Suite 1137  
Chicago, IL 60604  
Tele (312) 322-1100  
Fax (312) 322-1106  
tnolan@nolanwagelaw.com  
ncholis@nolanwagelaw.com